# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-532-R |
| DEAN M. Oostema, et al., | ) |
| Defendants. | ) |

## ORDER

Defendants Dean M. Oostema, Talieh D. Oostema and Bernadette Rouhani filed a Motion to Dismiss (Doc. No. 17), to which the United States filed a response (Doc. No. 19). Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action seeking a determination that Defendants Dean M. Oostema and Talieh D. Oostema fraudulently conveyed their interest in certain real property to Bernadette Rouhani or that Rouhani holds the property as their nominee. The dispute arises from certain federal tax liens for tax years 1999, 2000, 2002, 2003, 2004, 2008, and 2009 that resulted in assessments beginning on July 27, 2008 with regard to Defendant Dean M. Oostema. Assessments were made by the Secretary of Treasury against Defendant Talieh D. Oostema for unpaid federal income taxes for years 2001 and 2008. The first assessment date for Talieh D. Oostema was June 1, 2009. On September 3, 2014, in *United States v. Oostema*, Case No. CIV-13-1362-R, the court entered judgment against Dean M. Oostema in favor of the United States in the amount of $101,750.46 plus interest. That same date, in the same case, judgment was entered in favor of the United States against Talieh D.

Oostema in the amount of $3,380.65 plus interest accruing after August 14, 2014. By the instant action the United States seeks to set aside a 2003 conveyance of property owned by Defendants Dean M. Oostema and Talieh D. Oostema prior to their transference of the property to her daughter, Bernadette Rouhani. Relying on 28 U.S.C. § 3306(b)(1)-(3) and Oklahoma rules of statutory construction, Defendants argue that the statute of limitations has run for seeking relief on the basis that the transfer of the real property was fraudulent.

A statute of limitations can be raised as an affirmative defense under Rule 12(b)(6) when the time bar is clear from the face of the complaint. *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016); *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Defendants believe the latest statute of limitations period that could apply is six years since the transfer, making this claim untimely. *See* 28 U.S.C. § 3306(b). The Government counters that Defendants rely on an inapplicable statute.

> The two year statute of limitations found in 28 U.S.C. § 3306(b) only applies to actions or proceedings arising under Subchapter D of the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001–3308. Section 3001 clearly specifies that "[t]o the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter." *Id.* § 3001(b).

*United States v. Brown*, 2001 WL 1558955 (10th Cir. Dec. 7, 2001). 26 U.S.C. § 6502 is "another Federal law" and it specifies procedures for collection after assessment including a longer statute of limitations period, and one that is tied to the date of assessment.

26 U.S.C. § 6502(a)(1) provides:

where the assessment of any tax . . . has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or

2

by a proceeding in court, but only if the levy is made or the proceeding begun−. . . within 10 years after the assessment of the tax.

Defendants have failed to meet the burden of establishing the affirmative defense of the statute of limitations, because they improperly rely on § 3306 rather than 26 U.S.C. § 6502(a)(1). Accordingly, their motion to dismiss is hereby DENIED.

IT IS SO ORDERED this 11th day of July 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE